**John BELDEN, et al., Plaintiffs/Respondents,**

**Herbert and Cindy Dirnberger and Michael Gallagher, Plaintiffs/Respondents/ Cross–Appellants,**

v.

**CHICAGO TITLE INSURANCE COMPANY, Defendant/Appellant/Cross–Respondent.**

Nos. 71491, 71492.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 11, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1998.

Jones, Korum, Waltrip & Jones, Robert E. Jones, Clayton, for appellants.

Gray & Ritter, P.C., Jeffrey J. Lowe, Joan M. Lockwood, St. Louis, for respondent.

PUDLOWSKI, Judge.

Condominium purchasers and title insurance carrier cross appeal following a jury verdict awarding damages to purchasers based on their breach of contract and negligence claims. We affirm the judgment with respect to the award of the breach of contract claims and the award of damages to Plaintiff Kock. We reverse and remand for a determination of breach of contract damages with regard to Plaintiffs Dirnberger and Gallagher. Due to another trial involving the same land development and title insurance carrier, we have granted Respondents request for an expedited decision in this appeal with the belief that this decision may provide guidance and conserve judicial economy in the pending case.

Plaintiffs all purchased one or more units in a hotel condominium complex at the Lake of the Ozarks originally named Breckenridge on the Lake, now known as Marina Bay Condominiums. In return for Plaintiffs' investment, each owned individual condominium unit(s) in fee simple as well as an undivided interest as tenants in common of the common elements in the complex. Chicago Title Insurance Company (Insurer) issued title insurance to all Plaintiffs in its capacity as an insurance company or through its authorized agent, Phillips, McElyea, Walker & Carpenter Corporation (PMWC). These title insurance policies insured Plaintiffs would

have physical access to the complex and insured their titles against unmarketability.

At the time Plaintiffs purchased and insured their units, the condominium declaration included an area known as the Old Recreation Building in the common area of the complex. However, at the time the Old Recreation Building was included in the declaration, the developer did not own the property on which it was located. The developer acquired title to the Old Recreation Building in December 1980. Subsequently, the developer attempted to withdraw the Old Recreation Building from the declaration. It was conveyed several times and, eventually, its title ended in the hands of an entity known as BOTL Management in 1987. When developer amended the declaration, the developer failed to obtain written consent of the existing unit owners as required by the declaration for withdrawal of common elements.

In 1988, the Master Condominium Association (MCA), unit owners who manage Breckenridge on the Lake, retained the services of an attorney in order to investigate several problems at Breckenridge on the Lake and to sever its relationship with the developer. The attorney performed a title search which discovered the Old Recreation Building was improperly withdrawn. MCA also discovered that the developer failed to obtain consent needed to exchange some property owned by the developer upon which additional units were built, not all owners within the development had legal access to all areas of the development, and a portion of the development was built on Old Zebra Road, a public road which was not completely vacated.

Plaintiffs initiated this suit against Insurer seeking recovery based on breach of contract and negligence due to their unmarketable titles within the development. Plaintiffs sought to recover damages based upon the difference between the fair market value of the property with unmarketable title and the fair market value of the same property with marketable title.

Following a jury trial, the trial court sustained Insurer's motion for a directed verdict with respect to Plaintiffs Gallagher and Dirnberger's breach of contract claim in that they conveyed their property prior to trial. Upon submission of the case, the damage instruction for all Plaintiffs was identical. The instruction measured damages as the difference between the fair market value of the property with and without the title defects. The jury returned its verdict and judgment was entered for ten plaintiffs on their breach of contract claims. The jury's damage awards varied from $36,000 to $168,504. It also awarded damages to Gallagher and Dirnberger on their negligence claim, and Plaintiff Kock on alternative theories of breach of contract and negligence. The trial court overruled Insurer's post-trial motions for new trial, for remittitur, for election of remedies, to reopen the case for admission of newly discovered evidence, or for judgments notwithstanding the verdicts. Insurer appeals the judgment and Plaintiffs cross appeal the directed verdict against Gallagher and Dirnberger.[1]

We find this Court's recent opinion, *Aboussie v. Chicago Title Ins. Co.*, 949 S.W.2d 207 (Mo.App. E.D.1997), to be controlling in the instant action and we, therefore, follow its reasoning. Insurer claims the trial court erred in: (1) duplicative recovery in a single damage award, (2) refusing to grant a directed verdict against a property owner with uninsurable interest in the land, (3) refusing to submit its counterclaims for declaratory judgment, (4) submitting negligence claims, (5) denying its motion for directed verdict with respect to encroachment upon a public road, and (6) refusing instructions based upon a prior adverse determination. We have reviewed these assertions and find them to be without merit. An extended opinion would have no precedential value and hence, these points are denied pursuant to Rule 84.16(b).[2] Further points of error are elucidated below.

---

1. This Court notes that both Appellant and Respondent failed to follow Missouri Supreme Court Rules (Rule 84.04(i) Page Limitations) and Eastern District Court of Appeals Special Rules (Rule 330(b) Form and Number of Copies to be Filed—Record on Appeal). We also remind the parties to comply with the procedures as set forth in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) in drafting their points relied on.

2. Contrary to Appellant's oral argument, these points are summarily dismissed due to the vast amount of controlling precedent. Further, we

■ Insurer claims the trial court erred in refusing to admit into evidence correspondence between the parties' attorneys. Insurer claimed the correspondence constituted an affirmative defense, thereby causing the trial court to improperly deny its directed verdict.[3] The trial court may admit or exclude evidence within its sound discretion. *First National Bank v. Kansas City Southern Railway Co.*, 865 S.W.2d 719 (Mo.App. W.D. 1993). We decline to reverse its decision unless there is a substantial or glaring injustice. *Id.* Hence, we look to see whether the trial court abused its discretion in the exclusion of the evidence, not whether the evidence was admissible. *Woodiel v. Barclay Enterprises, Inc.*, 858 S.W.2d 247 (Mo.App. S.D.1993).

The trial court specifically stated it did not admit the group of letters because it would be inappropriate for the jury to read letters between counsel. The court allowed Insurer to elicit the substance of the information contained in the letters from testimony of witnesses at trial. There was no error in excluding the letters.

■ In cases involving a common question of law or fact, the court may exercise its discretion by consolidating the actions. Rule 66.01(b). It is appropriate to consolidate so as to avoid piecemeal litigation when it is *reasonably* possible. *State ex rel. Keeling v. Randall*, 386 S.W.2d 67, 68 (Mo. banc 1964) (emphasis added). The trial court's decision will stand unless Insurer can show the trial court abused its discretion. *State ex rel. Webster v. Lehndorff Geneva*, 744 S.W.2d 801 (Mo. banc 1988). Insurer must show that the "trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration...." *Id.* When reasonable people can differ regarding the propriety of the trial court's decision, then the trial court did not abuse its discretion. *Id.* Insurer failed to meet this burden in establishing an abuse of discretion in this instance.

■ Insurer seeks a new trial based upon newly discovered evidence which, it believes, would have produced a different result at trial. Insurer must show that: (1) the evidence has come to its knowledge since the trial, (2) due diligence would not have discovered the evidence sooner, (3) the evidence is so material that a different decision would result, (4) it is not cumulative, (5) the affidavit of the witness must be produced or its absence accounted for, and (6) the objective of the evidence is not to impeach the character or credit of a witness. *Executive Jet Management, Etc. v. Scott*, 629 S.W.2d 598, 610 (Mo.App. W.D.1981). "Motions for new trial on the ground of newly discovered evidence are entertained reluctantly, examined cautiously and construed strictly." *Id.*

During a court conference prior to the presentation of Insurer's case, Insurer admitted knowing of an offer to Plaintiffs to purchase the entire land development, though Insurer did not know the specific terms. Insurer claims that if it knew the terms of the letter and been able to introduce it into evidence to show the non-existence of Plaintiffs' damages, the result would have been different.

However, Insurer admitted it had knowledge of the offer during the trial. This being true, the first element of the enunciated test fails. Furthermore, Insurer failed to pursue this matter with due diligence. If it had knowledge of the letter it could have sought additional information. Point denied.

■ Insurer also objected to the testimony of Plaintiffs' expert witness regarding the value of the land. "A rule cannot be formulated which requires a witness to have specific knowledge or information before he may be qualified to testify concerning land value. The background of the witness must show a familiarity with the property and a basis for knowledge, and the ability to give information which will assist the jury in determining

---

decline to overrule our previous decision in *Aboussie* which dealt with the same land development and title insurance carrier.

3. Parties again are reminded that points of error are supposed to deal with one point of error only. Additional error is to be set forth in separate points. *See Thummel*, 570 S.W.2d at 686–87.

the ultimate issue." *Estate of Dennis*, 714 S.W.2d 661, 664 (Mo.App.W.D.1986); *State of Missouri ex rel. State Highway Commission v. Barron*, 400 S.W.2d 33, 37 (Mo.1966). Plaintiffs' expert was a professional real estate appraiser and consultant for over twenty years. He received the MAI and C.R.E. designation within the real estate industry. Throughout his career, he has taught real estate at several institutions and appraised property at the Lake of the Ozarks. Plaintiffs' expert met the aforementioned criteria and his testimony is allowed to stand.

Insurer further contends the trial court erred in refusing to direct a verdict in its favor because Plaintiffs failed to establish an agency relationship between Insurer and PMWC. Prior to trial, Insurer's written stipulation admitted PMWC acted within the scope and course of its agency in researching the titles, signing title insurance commitments and policies. Insurer may not now question the scope of its relationship with PWMC.

■ However, we believe that the trial court did err in granting Insurer a directed verdict on the breach of contract claims against Plaintiffs Dirnberger and Gallagher. These plaintiffs were awarded damages on the basis of negligence, but breach of contract is the proper instruction in this case. Both Dirnberger and Gallagher continued to have an insurable interest in the property they conveyed prior to trial.

■ A property owner continues to have an insurable interest in insured land when the owner has a connection or concern with it such that the owner will derive pecuniary benefit from its preservation or loss from its destruction or suffer injury by the occurrence of an event insured against. *Prewitt v. Continental Ins. Co.*, 538 S.W.2d 902, 905 (Mo.App.St.L.Dist.1976). Further, an owner who owes on a promissory note which is secured by the property continues to have an insurable interest in that property. *Aboussie*, 949 S.W.2d at 210. Plaintiffs Dirnberger and Gallagher continued to make payments on a note secured by the property and, therefore, continued to have an insurable interest in that property. Therefore, we reverse and remand for a determination of damages for Plaintiffs Dirnberger and Gallagher under a breach of contract rather than negligence claim.

Judgment affirmed in part, reversed in part and remanded consistent with this opinion.

GRIMM, P.J., concurs in result only.

GARY M. GAERTNER, J., concurs.