**Shelly Y. SIMS, Plaintiff/Appellant,**

v.

**THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Defendant/Respondent.**

No. ED 81666.

Missouri Court of Appeals,
Eastern District,
Division One.

May 6, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 2003.

Application for Transfer Denied
Aug. 26, 2003.

Gregory M. Tobin, Pratt & Tobin, East Alton, IL, for appellant.

Brasher Law Firm, William A. Brasher, Thomas J. Prebil, St. Louis, for respondent.

Before ROBERT G. DOWD, JR., P.J. and MARY K. HOFF, J. and GEORGE W. DRAPER III, J.

PER CURIAM.

Shelly Y. Sims (Employee) appeals the trial court's order granting a motion for new trial filed by The Burlington Northern and Santa Fe Railway Company (Employer) after a jury verdict in favor of Employee in this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. Sections 51 *et seq.,* for personal injuries Employee sustained while at work. We reverse and remand for entry of judgment in accordance with the jury verdict.

Employee's injuries resulted when she fell during her attempt to sit in a chair that had been moved by another person without Employee's knowledge. The jury awarded Employee damages. Within thirty days of the verdict, Employer filed a motion for new trial seeking relief on various grounds.

In relevant part, Employer argued it was entitled to a new trial "because of information regarding [Employee] that became known after the verdict was entered." Specifically, Employer urged this information showed that at trial Employee had intentionally misrepresented the nature and extent of her injuries and, absent those misrepresentations, the trial outcome would have been different. Employer characterized this as constituting a "fraud upon" the trial court. At a hearing on the motion, Employer presented testimony from its claims manager, who had investigated Employee's claim and had attended trial, regarding Employee's changed physical condition before, during, and after trial. Employer also presented a transcript of Employee's trial testimony,[1] and videotapes showing, on several occasions within eighteen days after the verdict, Employee engaging in various physical activities without major impairment.

At the conclusion of the hearing, the trial court granted the motion in light of the videotaped evidence and the case law cited by Employer. In a subsequent written order, the trial court specified that "the bases for its ruling w[ere] points numbered 5 and 6 of [Employer's] motion for new trial." Employer had sought a new trial, in point 5, "on all issues because of information regarding [Employee] that became known after the verdict" in light of the exaggerated physical limitations Employee demonstrated at trial but not prior to trial. In point 6, Employer had sought a new trial "because, but for [Employee]'s intentional misrepresentation of her injuries to the Jury," the verdict would have been different or substantially reduced. This appeal followed.

In her first point, Employee argues the trial court erred in not treating the motion for new trial as a motion under Rule 74.06 to set aside the judgment for fraud because Employer alleged fraud as the basis of the motion. In her second point, Employee urges the trial court abused its discretion by granting a new trial based on newly discovered evidence because Employer's evidence, specifically the videotapes, did not exist at the time of trial and, therefore, was not "newly discovered" evidence. In her third point, Employee contends the trial court abused its discretion in granting a new trial based on newly discovered evidence because (1) Employer

---

1. We note the transcript provided for Employee's trial testimony contains very limited information regarding her physical condition, and no testimony specifically directed to her physical condition during trial.

failed to act with due diligence to discover and produce the evidence at trial, (2) the objective of the evidence is to impeach Employee, and (3) the evidence was not so material that a different decision would result. In her fourth point, Employee argues the trial court abused its discretion in granting a new trial on all issues, because the newly discovered evidence could not[^f] have affected the jury's determination of liability in that the liability issue did not depend on the issue raised by the newly discovered evidence. Because we find the first two subparts of point three dispositive, we will not address the other issues raised on appeal.

■ Rule 78.01 provides that "[t]he court may grant a new trial of any issue upon good cause shown." Whether or not to grant a motion for new trial is within the trial court's discretion and we will disturb the trial court's disposition of such a motion only when the ruling constitutes a clear abuse of discretion. *Koenig v. Skaggs*, 400 S.W.2d 63, 68 (Mo.1966) (affirming the denial of a motion for new trial pursued due to newly discovered evidence); *Womack v. McCullough*, 358 S.W.2d 66, 68 (Mo.1962) (reversing the grant of a motion for new trial pursued due to newly discovered evidence); *Lowdermilk v. Vescovo Bldg. and Realty Co.*, 91 S.W.3d 617, 625 (Mo.App. E.D.2003) (affirming the grant of a motion for new trial pursued due to erroneous instructions). A movant must, however, bring itself "strictly within the requirements which have been laid down for such a motion." *Womack*, 358 S.W.2d at 68 (internal quotation marks omitted) (quoting *E. v. G.*, 317 S.W.2d 462, 469 (Mo.App. S.D.1958)).

■ A trial court may grant a motion for new trial based on newly discovered evidence when:

(1) the movant proves the evidence came to the movant's knowledge since trial;

(2) the movant shows due diligence would not have uncovered the evidence sooner;

(3) the movant demonstrates the new evidence is so material it would probably produce a different result;

(4) the movant establishes the new evidence is not cumulative;

(5) the movant produces an affidavit of the witness or accounts for its absence; and

(6) the movant shows that the object of the evidence is not to impeach the character or credibility of a witness.

*Enos v. Ryder Automotive Operations, Inc.*, 73 S.W.3d 784, 788 (Mo.App. E.D. 2002). Motions for new trial based on newly discovered evidence "are entertained reluctantly, examined cautiously and construed strictly." *Belden v. Chicago Title Ins. Co.*, 958 S.W.2d 54, 57 (Mo.App. E.D.1997) (internal quotation marks omitted) (quoting *Executive Jet Management and Pilot Serv., Inc. v. Scott*, 629 S.W.2d 598, 610 (Mo.App. W.D.1981)). While such motions are "left to the sound discretion of the trial court, [they are] viewed with disfavor and are granted only in exceptional circumstances." *Frank v. Sandy Rothschild & Assocs., Inc.*, 4 S.W.3d 602, 606–07 (Mo.App. E.D.1999) (internal quotation marks omitted) (quoting *M.E.S. v. Daughters of Charity Servs.*, 975 S.W.2d 477, 482 (Mo.App. E.D.1998)). Here, the trial court erred in granting Employer's motion for new trial based on newly discovered evidence because Employer did not satisfy either the due diligence requirement or the requirement that the object of the evidence not be directed at impeaching the character or credibility of a witness.

■ Diligence in connection with a motion for new trial based on newly discovered evidence means " 'that degree of

assiduity, industry or careful attention called for under the circumstances of the case and does not require impeccable, flawless investigation in all situations.'" *Young v. St. Louis Pub. Serv. Co.*, 326 S.W.2d 107, 112 (Mo.1959) (quoting *Foerstel v. St. Louis Pub. Serv. Co.*, 241 S.W.2d 792, 795 (Mo.App. E.D.1951)); *Higgins v. Star Elec., Inc.*, 908 S.W.2d 897, 904 (Mo. App. W.D.1995). When a plaintiff affirmatively misleads a defendant as to a significant matter, such as the extent of injuries or alternative causes for some of the injuries, then less diligence is needed for granting a motion for new trial based on newly discovered evidence. *Higgins*, 908 S.W.2d at 904–05. However, a litigant seeking a new trial based on newly discovered evidence does not satisfy the due diligence standard where that litigant learns of the information during trial and fails to inquire about that information during the trial. *Butts v. Express Personnel Servs.*, 73 S.W.3d 825, 841–43 (Mo.App. S.D.2002).

Here, it is clear that Employer first learned of Employee's changed appearance and abilities on the first day of a trial that encompassed four days of one week.[2] It is also clear from the record before us that Employer did not act diligently in attempting to discover or learn the basis for Employee's apparently changed physical abilities and condition at trial. There is no indication of record that Employer requested any possible relief from the trial court, such as asking for the opportunity to question Employee about her present physical abilities and condition outside the presence of the jury. Most importantly, the transcript of Employee's trial testimony reveals that Employer never asked Employee: about her physical condition or appearance at trial, about how that condition and appearance compared to her physical condition and appearance prior to trial, or about whether her physical condition or appearance at trial was related to the accident on which she was basing her claim. Additionally, in the motion for new trial, its supporting affidavit, and the transcript of the motion hearing there is no explanation for Employer's failure to pursue surveillance of Employee before trial ended. Under these circumstances, Employer has not established due diligence in uncovering evidence of Employee's exaggerated symptoms relating to the incident at issue in this case. *See Frank*, 4 S.W.3d at 607 (affirming denial of a motion for new trial based on newly discovered evidence because due diligence was not shown when the movant chose not to use discovery techniques that "likely would have revealed th[e] information"); *Belden*, 958 S.W.2d at 57 (affirming the denial of a motion for new trial based on newly discovered evidence, in part, because the movant indicated at trial it knew about the evidence, a letter, and did not seek additional information about it).

Additionally, the newly discovered evidence here regards the impeachment of Employee's trial testimony about the extent of her injuries related to the incident. Such evidence cannot be the basis of a new trial due to newly discovered evidence because of the requirement for a motion

**2.** Employee contends the averment the claims manager made in his affidavit accompanying the motion for new trial that no surveillance of Employee occurred prior to trial because she did not demonstrate exaggerated symptoms before trial is an unsupported assertion of due diligence, because at the hearing he testified that he had observed those exaggerated symptoms "before the trial." The complete sentence out of which that quote is pulled states: "The day of the trial I was just shocked before the trial even started when I was out in the hall in the lobby and saw [Employee] walk towards the courtroom." Clearly, his "before the trial" observation of Employee's exaggerated symptoms was on the first day of trial and not at any earlier point in time.

seeking such relief which provides that the object of the evidence not be the impeachment of a witness' character or credibility. *City of Eureka v. Hall,* 687 S.W.2d 917, 920 (Mo.App. E.D.1985); *Browhaw v. Dowd,* 187 S.W.2d 29, 30 (Mo.App. E.D. 1945).

We find the Southern District's recent decision in *Butts* supportive of our decision here. In *Butts,* the Southern District upheld the denial of a motion for new trial based on newly discovered evidence upon determining the defendants had not satisfied the due diligence and credibility requirements for relief on such a motion. *Butts,* 73 S.W.3d at 842–43. The court noted that, even if the defendants had not known prior to trial about the injured plaintiff's post-accident job, the defendants

> had full opportunity at trial to further cross-examine Plaintiff about his job and what it entailed [after Plaintiff disclosed at trial that he had worked]. However, Defendants, for whatever reasons, chose not to pursue that line of questioning. Their failure to cross-examine Plaintiff in more detail on this subject suggests a lack of due diligence.... Another shortcoming of this argument is that ... [a]t best, the affidavits would merely impeach Plaintiff's testimony by indicating the extent of his work and injuries.

*Id.* (footnote omitted).

Point three is granted to the extent it challenged the trial court's granting of a motion for new trial based on newly discovered evidence on the grounds that the due diligence and credibility requirements for relief on such a motion were not satisfied.

Judgment is reversed and this case is remanded for entry of judgment in accordance with the jury verdict.