SHERRI B. SULLIVAN, J.
Introduction
Phyllis Palmer (Appellant) appeals from the trial court's denial of her Motion to Vacate and Set Aside Judgment on Jury Verdict and Motion for New Trial (motion for new trial) following judgment entered upon a jury verdict in favor of Kyle O. Colle, D.O. (Respondent Colle) and Regional Brain & Spine, LLC (Respondent RBS) (collectively Respondents). We affirm.
Facts and Background
The underlying cause arises from medical treatment received by Appellant. On October 13, 2013, Respondent Colle performed surgery on Appellant, during which Appellant's small bowel was perforated. Appellant filed a medical malpractice suit against Respondents on October 15, 2015, seeking damages for the injury. The trial began January 29, 2018, in front of Judge Benjamin F. Lewis (Judge Lewis), one of the two trial judges for Cape Girardeau County.
After a three-day trial, the jury found in favor of Respondents. On February 12, 2018, Appellant filed her motion for new trial. The motion is based on Appellant's alleged discovery after the trial that Judge Lewis sits on the board of directors of SoutheastHealth, a regional system of hospitals in Cape Girardeau and the surrounding area. On its website, SoutheastHealth *484 holds itself out to be affiliated with Respondent RBS, a group of doctors of which Respondent Colle is a member. In Appellant's view, Judge Lewis's position as a board member of an organization that is a party to litigation in his court violates Missouri Supreme Court Rule 2-2.11,[1] requiring a judge to recuse himself in certain situations. In support of the factual allegations in the motion, Appellant attached three exhibits, which were screen captures taken from SoutheastHealth's website: one listing the members of its board of directors, the two others involving their association with Respondent RBS.
On February 21, 2018, Respondents filed a memorandum in opposition to the motion. Attached to this memorandum were three affidavits, two from the attorneys representing Respondents, and one from Kevin W. Holtzhouser, administrator for Respondent RBS. The affidavit from Ted R. Osburn, attorney for Respondents, states his recollection of the case's proceedings. He recalls Judge Lewis ruling in Respondents' favor on a motion in limine, overruling all but one of Respondents' objections during the trial, ruling once each for Appellant and Respondents on pretrial issues not agreed to in advance, and accepting a jury instruction from Appellant over Respondents' objection. This affidavit also noted Judge Lewis's conduct throughout the trial was professional and respectful to both parties.
Holtzhouser's affidavit stated Respondent RBS and SoutheastHealth have no ownership interest in one another and exert no control over one another's decisions or policies in any way. They are not affiliates, subsidiaries, or sister corporations. Respondent RBS does, however, lease office space from SoutheastHealth, and Respondent RBS medical staff have medical staff privileges at SoutheastHealth hospitals.
Judge Lewis denied Appellant's motion for new trial. This appeal follows.
Points Relied On
In her first point on appeal, Appellant claims Judge Lewis erred by not sua sponte recusing himself due to his position on the board of directors of Southeast-Health. In her second point, Appellant claims because Judge Lewis was subject to recusal under Rule 2-2.11, it was error for him not to disclose his position to the parties so they may have chosen whether to waive recusal.
Standard of Review
As stated above, Appellant attached three exhibits to her motion requesting a new trial. She did not, however, accompany her motion with affidavits or any verification of the website's veracity. Rule 78.05[2] governs after-trial motions based upon facts not appearing in the record. It reads, in relevant part: "When any after-trial motion, including a motion for new trial, is based on facts not appearing of record, affidavits may be filed which affidavits shall be served with the motion."
Appellant suggests because Rule 78.05 says litigants "may" attach affidavits to after-trial motions, this means such affidavits are optional and thus she was under no requirement to do so. This would mean Appellant, and other litigants, are free to base motions for a new trial on facts outside the record offered via unauthenticated exhibits attached to such motions. Appellant's assertion is incorrect.
*485 "Exhibits attached to motions filed with the trial court are not evidence and are not self-proving." Regions Bank v. Alverne Associates, LLC, 456 S.W.3d 52, 58 (Mo. App. E.D. 2014) (quoting Powell v. State Farm Mut. Auto. Ins. Co., 173 S.W.3d 685, 689 (Mo. App. W.D. 2005) ). While affidavits are one method of authenticating evidence attached to a motion, they are not the sole method; litigants also may utilize other means of authentication, including depositions and oral testimony. Powell, 173 S.W.3d at 689. Evidence properly in the record, and authenticated by sufficient means, is required not only for the trial court's review for an after-trial motion, but the appellate court's review as well; failure to provide a comprehensive record leaves nothing for review. Coulter v. Michelin Tire Corp., 622 S.W.2d 421, 437 (Mo. App. S.D. 1981), cert. denied, 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982).
In the instant case, there appear to be no material disagreements among the parties as to most of the underlying facts. Indeed, Respondents provided affidavits accompanying their memorandum in opposition to Appellant's motion which at least partially corroborate the exhibits attached to Appellant's motion. Respondents also conceded the nature of Judge Lewis's connection to SoutheastHealth and Respondent RBS at oral argument. Accordingly, we exercise our discretion and review Appellant's claims on their merits.
Normally, a trial court's decision whether to recuse is reviewed for abuse of discretion. Anderson v. State, 402 S.W.3d 86, 92 (Mo. banc 2013). However, "in cases in which a trial court may not have considered certain facts relevant to disqualification, an appellate court should determine whether those facts are sufficient to require recusal or, at a minimum, a hearing on the record." Id. Although both parties frame this issue as whether Judge Lewis should have sua sponte recused himself, there is no indication on this record whether, before or during the trial, Judge Lewis was aware of the connection between SoutheastHealth and Respondent RBS. The first point at which we can certainly impute knowledge of that connection to Judge Lewis was upon his being presented with Appellant's motion for new trial. Accordingly, we review the trial court's decision to deny Appellant's motion.
The decision whether to grant a motion for a new trial is within the sound discretion of the trial court, and will not be disturbed absent a showing the trial court abused this discretion. Sims v. Burlington Northern and Santa Fe Ry. Co., 111 S.W.3d 454, 457 (Mo. App. E.D. 2003). "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." Hancock v. Shook, 100 S.W.3d 786, 795 (Mo. banc 2003).
Discussion
When evaluating whether the trial court should have recused itself due to bias, or the appearance of bias, we proceed from the presumption the trial court would not undertake to preside over a case where its impartiality may reasonably be questioned. Robin Farms, Inc. v. Bartholome, 989 S.W.2d 238, 246 (Mo. App. W.D. 1999). The trial court itself is in the best position to know whether recusal is necessary. Id.
Rule 2-2.11 contains provisions that stipulate circumstances under which a judge must recuse himself from hearing a case. At oral argument, Appellant conceded that no mandatory recusal provisions apply to Judge Lewis in this case. Instead, Appellant hinges her argument on the first comment *486 to Rule 2-2.11, which states: "Under this Rule 2-2.11, a judge should recuse whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) to (5) apply." Appellant argues the instant case falls into this catchall provision because a hypothetical third-party observer may look on SoutheastHealth's website and question whether Judge Lewis might be biased in a case involving Respondent RBS.
Appellant's position fails on two fronts. First, a standard that makes any comment, relationship, or ruling by a judge that could be imagined to reflect bias sufficient to warrant recusal has been rejected by the Missouri Supreme Court in Haynes v. State, 937 S.W.2d 199, 204 (Mo. banc 1996). Haynes involved a criminal defendant who claimed the judge presiding over his case appeared biased due to harsh comments he made during his sentencing. Id. at 201-02. Haynes argued on appeal that because the comments might conceivably give rise to an appearance of bias to a third-party observer, they were sufficient to require recusal, "regardless of any objective facts indicating a bias having an extrajudicial source or facts indicating a bias making fair judgment impossible." Id. at 204. The Supreme Court rejected this approach, stating:
The standard suggested is unacceptable.... First, the "might reasonably be questioned" standard, without a factual context, is subjective, leaving appellate courts at liberty to find a disqualifying bias from any hostile word, a maximum prison sentence or even an adverse discretionary ruling. Such a vague standard is unworkable.
Id.
Similar to Haynes, Appellant fails to point to a "factual basis from which a reasonable person could infer that [Judge Lewis] had prejudged any issue in the case, or based his [rulings] on some illegitimate factor." Id. Appellant asks this Court to find an appearance of prejudice based upon a subjective interpretation of Judge Lewis's connection to Respondent RBS alone. Appellant does not allege Judge Lewis had any material stake in the litigation. Nor does she explain how Judge Lewis's connection with Respondent RBS could have impacted his ability to fairly judge the case. She merely argues some third-party observer, looking at SoutheastHealth's website, could conceivably conclude Judge Lewis's impartiality is questionable. In essence, Appellant argues that an imagined bias is as good as a real one, insofar as both mandate recusal, or, in the instant case, warrant granting a new trial.
As explained above, a subjective basis to impute bias to a judge is insufficient to mandate recusal. But even if it were sufficient, and even if this Court were to agree with Appellant's subjective interpretation of Judge Lewis's connection to Respondent RBS, it would not be enough for us to rule Judge Lewis erred in not granting Appellant's motion. As stated above, we review the instant claim for abuse of discretion. In doing so, we must begin with the presumption Judge Lewis was in the best position to evaluate whether, in retrospect, recusal would have been required, and would not let the judgment stand where it was tainted by a reasonable appearance of bias. Robin Farms, Inc., 989 S.W.2d at 246.
The second and most important flaw in Appellant's argument is it is based on an incomplete statement of the law. Appellant insists the existence of a potential source of extrajudicial bias alone is sufficient to warrant a judge's recusal. However, in evaluating a claim of extrajudicial *487 bias, we do not examine solely the purported extrajudicial bias in isolation, but view all circumstances from the perspective of a reasonable person who "knows all that has been said and done in the presence of the judge." Haynes, 937 S.W.2d at 203. The law requires not only a source of bias, but also an effect, and Missouri courts have consistently held "a disqualifying bias or prejudice is one that has an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from the judge's participation in a case. " Anderson, 402 S.W.3d at 91 (quoting Worthington v. State, 166 S.W.3d 566, 579 (Mo. banc 2005) ) (emphasis added).
In her brief and at oral argument, Appellant expressly disclaims any burden of pointing to some conduct on the part of Judge Lewis that might appear tainted by the existence of extrajudicial bias. But contrary to Appellant's contention, the burden is hers to point to facts that show, at minimum, a reasonable inference of a deleterious effect on Judge Lewis's handling of the case. See Martin v. State, 526 S.W.3d 169, 185-88 (Mo. App. W.D. 2017) (ex parte communication insufficient without indication it was relied on in making decision on merits of case); Francis v. Wieland, 512 S.W.3d 71, 83-84 (Mo. App. W.D. 2017) (claim for recusal insufficient where movant makes no claim judge relied on extrajudicial source in making any ruling); Estate of Johnson v. Kranitz, 168 S.W.3d 84, 96 (Mo. App. W.D. 2005) (recusal not warranted where movant failed to allege any action taken by judge tainted by bias and record shows exemplary professionalism by judge throughout proceedings).
Appellant does not point to a single ruling or action of Judge Lewis's that a reasonable person may infer was affected by his connection with Respondent RBS. The verdict itself could not have been a direct product of Judge Lewis's bias, as Appellant's claim was fully litigated in front of a jury and the judgment was in accordance with their verdict. Furthermore, Appellant does not dispute, and the record supports, Respondents' characterization of Judge Lewis as professional and evenhanded, ruling for both Appellant and Respondents at various times during the proceedings. Again, even if we were to adopt Appellant's subjective interpretation of Judge Lewis's connection to Respondent RBS, it alone is insufficient to warrant his recusal without at least the appearance of it having affected Judge Lewis's conduct or rulings.
Turning briefly to Appellant's second point, she argues because Judge Lewis was required to recuse himself under Rule 2-2.11, under Rule 2-2.11(C) he was required at a minimum to reveal his relationship with Respondent RBS and seek waiver from the parties. As discussed above, Judge Lewis was not required to recuse himself under Rule 2-2.11. Therefore, Rule 2-2.11(C) does not apply.
Conclusion
The judgment of the trial court is affirmed.
Lisa P. Page, C.J., and Timothy W. Inman, Sp.J., concur.

All rule references are to Rules Governing the Mo. Bar and the Judiciary (2018) unless otherwise noted.

Mo. R. Civ. P. (2018).