

## Missouri Court of Appeals
### Southern District
### Division One

| | |
|---|---|
| In the Interest of J.G.H., T.H.H., A.L.H., K.G.H., K.N.H., and J.H. ) ) ) | |
| A.L.H., ) ) | |
| Appellant, ) ) | Nos. SD35753, SD35754, |
| vs. ) ) ) | SD35755, SD35756, SD35757, and SD35758 |
| GREENE COUNTY JUVENILE OFFICE, ) ) | (Consolidated) |
| Respondent. ) | Filed May 15, 2019 |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden

AFFIRMED

In these consolidated appeals, A.L.H. ("Mother") appeals the trial court's judgments terminating her parental rights to six of her children: J.G.H., T.H.H., A.L.H., K.G.H., K.N.H., and J.H. (collectively "the children").[1] Mother claims the trial court abused its discretion in consolidating her six termination of parental rights ("TPR") cases for hearing. Because Mother

---

[1] The trial court entered a separate judgment terminating Mother's parental rights in each child's individual case. Mother appropriately filed a Notice of Appeal of the trial court's judgment in each child's case, accordingly resulting in an appeal case for each child. By written order, this court consolidated those six appeals "for all purposes."

has failed to demonstrate the trial court so abused its discretion, we affirm the trial court's judgments.

## **Factual and Procedural Background**

The TPR petitions filed by the Greene County Juvenile Officer ("Petitioner") in each of the six TPR cases alleged that Mother and J.N.H. ("Father") were the biological parents of each child.[2] On January 25, 2018, Mother was given notice that all six TPR cases were set for hearing on May 2, 2018, at 8:30 a.m. On that morning, when the trial court called the cases, Petitioner made an oral motion to consolidate the six cases for hearing. Petitioner's counsel represented to the trial court that the local practice was to try these types of cases together, that the pleadings were the same in all of the petitions, and that the evidence would be the same for each case. Mother objected to the requested consolidation. As the basis for that objection, Mother's counsel stated to the court that "I think there are evidentiary issues that will arise if they are tried in one proceeding. There are matters that are hearsay as to -- for example, there's evidence in [J.G.H.'s] case that would be hearsay as to the other five children." In response to Mother's evidentiary concern, the trial court stated "that depends on how it's presented. And I'll make that decision as we go forward." The trial court denied Mother's consolidation objection and proceeded to hold a single consolidated hearing on all six cases.

After three trial days of testimony generating a 456-page trial transcript, the trial court entered a judgment terminating Mother's parental rights in each TPR case. Mother timely appeals each judgment, raising a single point relied on in this consolidated appeal.

---

[2] Father's parental rights were also terminated in each of the trial court's judgments. The termination of his rights are the subject of separate appeals filed by him, but are not at issue in the appeals addressed in this opinion.

**Discussion**

Mother claims that

> The trial court erred in granting [Petitioner's] oral motion made on the morning of trial to consolidate the six (6) cases for hearing because doing so was an abuse of discretion in that Appellant suffered prejudice as she was 1) unable properly prepare trial strategy due to late consolidation and 2) unable to preserve her objection to hearsay statements of one or more children that would have been inadmissible in the remaining cases and 3) that findings related to sexual abuse supported by the inadmissible hearsay permeate the Court's findings for termination of parental rights.

We disagree.

Rule 66.01(b)[3] provides:

> **Consolidation--Common Question of Law or Fact.** When civil actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the civil actions; it may order all the civil actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Specifically related to TPR cases, section 211.452.2[4] provides:

> If there is more than one child in the family and a termination of parental rights petition is being or has been prepared for each child, the court may join the cases for disposition in one proceeding; provided, however, that joinder of the cases is found to be in the best interests of each child.

A trial court's decision whether to consolidate separate proceedings lies within its discretion. *In re Adoption of H.M.C.*, 11 S.W.3d 81, 91 (Mo.App. 2000). "Because the ruling is discretionary it is presumed correct and appellant bears the burden of showing an abuse of discretion." *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988). "A trial court abuses its discretion when a ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *In Interest of J.P.B.*, 509 S.W.3d 84, 96 (Mo. banc

---

[3] Rule references are to Missouri Court Rules (2018).
[4] Statutory references are to RSMo 2016.

2017) (internal quotation marks and citations omitted). "When reasonable people can differ regarding the propriety of the trial court's decision, then the trial court did not abuse its discretion." ***Belden v. Chicago Title Ins. Co.***, 958 S.W.2d 54, 57 (Mo.App. 1997) (citing ***Webster***, 744 S.W.2d at 804).

Mother's point claims that the trial court abused its discretion in holding a consolidated hearing because she was subsequently prejudiced by that ruling or action in three respects.[5] This argument collapses and merges the two requirements of a reversible-error claim—error and prejudice—into one. Mother argues that because she was prejudiced by the trial court's consolidation of the TPR cases for hearing, that action was erroneous. Rule 84.13(b), however, does not permit this court to reverse a trial court's judgment unless we find "that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b); ***Adoption of K.M.W.***, 516 S.W.3d 375, 380 (Mo.App. 2017). In order to demonstrate reversible error, therefore, an appellant must demonstrate that the challenged trial court ruling or action was legally erroneous *and* that appellant was *actually* prejudiced as a result of that erroneous ruling or action. ***K.M.W.***, 516 S.W.3d at 380. Merely asserting the latter— actual prejudice arising from the challenged trial court ruling or action—does not necessarily, standing alone, demonstrate that the trial court's ruling or action was legally erroneous. No doubt, under our abuse of discretion standard of review, the *potential* for resulting prejudice may be a factor for consideration in the trial court's exercise of its discretion in making a ruling or taking action in the first instance. Unless and until it is demonstrated and determined, however, that the challenged trial court ruling or action was legally erroneous—an abuse of discretion— when it was made, any assertion or discussion of alleged actual prejudice arising after the trial

---

[5] Mother concludes her argument under this point by stating, "Mother suffered tremendous prejudice as a result of the trial court's last minute consolidation of the matters for trial."

court made the challenged ruling or action is premature.[6]  Accordingly, and under our standard of review, we turn to "the circumstances then before" the trial court when it consolidated the cases for hearing in order to consider whether that ruling or action was an abuse of discretion. ***J.P.B.***, 509 S.W.3d at 96.

For more than three months, all the TPR cases had been set for hearing on the same date and time and Mother had timely notice of those settings.  When that date and time arrived, before any hearing began, Petitioner made an oral motion to consolidate the six cases for hearing.  Petitioner's counsel asserted to the trial court, supported by the noticed trial settings on the same date and time, that it was the local custom to have a consolidated hearing on these types of cases.  Mother did not dispute that assertion.  Petitioner's counsel also asserted that the allegations in the petitions in all six cases were the same.  Again, Mother did not dispute that assertion.  Finally, Petitioner's counsel asserted that the evidence for all the cases would be the same.  Mother did not dispute that assertion, except to the limited extent that some of that evidence might involve hearsay that was admissible in one, but not all of the cases.  The trial court considered Mother's objection and evidentiary concern, noting "that depends on how it's presented. And I'll make that decision as we go forward."  Mother raised no other objection in response to Petitioner's oral motion to consolidate the six cases for hearing.

At the time the trial court took its action to hold a consolidated hearing, therefore, it had before it six TPR cases undisputedly involving a substantial number of common questions of law and fact and involving substantially the same evidence in each case upon which to decide those

---

[6] In this respect, Mother's point relied on does not comply with the Rule 84.04(d)(1)(C) requirement to "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Mother's three assertions of prejudice arising from the trial court's consolidation action, standing alone, do not explain in any fashion how that action was legally erroneous as an abuse of discretion in the first instance. Nevertheless, we will *ex gratia* review Mother's point as to the only consolidation objection she raised before the trial court—potential hearsay evidentiary concerns.

common questions. *See* Rule 66.01(b). Mother fails to point to anything then before the trial court indicating that consolidating these cases for hearing would not be in the children's best interests. *See* section 211.452.2. Mother's hearsay evidentiary objection to a consolidated hearing was limited to a potential subset of the entire corpus of the evidence for all six cases. This objection, therefore, had to be considered by the trial court in the context of and in opposition to its consideration of the substantial resources and delays involved in holding six separate hearings that would trigger the six-time repetition of the substantial bulk of the evidence that would be admissible in all six cases. The trial court concluded that, rather than holding six separate hearings, Mother's hearsay evidentiary concern, if it materialized due to the manner in which evidence was presented in a consolidated hearing, could be appropriately and fully addressed by the trial court's consideration of Mother's timely and specific objections to any proffered hearsay evidence as being admissible in and limited to only one case or certain specific cases being heard.

In this context, Mother has failed to demonstrate that the trial court's balancing of these competing considerations and, accordingly, its decision to hold a consolidated hearing was "clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *J.P.B.*, 509 S.W.3d at 96. Mother has only demonstrated, at best, that reasonable people might "differ regarding the propriety of the trial court's decision," which is not a basis upon which to find an abuse of discretion by the trial court. *Belden*, 958 S.W.2d at 57. Mother's point is denied.[7]

---

[7] Mother challenges other trial court rulings or actions in her argument under her point relied on. Those claims are not addressed in this opinion because they were either not raised in the trial court and, therefore, not preserved for appellate review, *see Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014) (issue never presented to or decided by the trial court is not preserved for appellate review), or were not presented for appellate review in Mother's point relied on, *see G.J.R.B. ex rel. R.J.K. v. J.K.B.*, 269 S.W.3d 546, 559 (Mo.App. 2008) (issues only addressed in argument and not presented in a point relied on are not presented for appellate review).

## Decision

The trial court's judgment terminating Mother's parental rights in each TPR case in this consolidated appeal is affirmed.


GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs