**In the ADOPTION OF K.M.W. and N.A.W.**

**R.L.L. and V.R.L., Petitioners-Appellants,**

**D.S. and R.S., Intervenors-Respondents.**

**Nos. SD 34554 and SD 34555**
**SD 34555**

Missouri Court of Appeals, Southern District, Division Two.

Filed March 15, 2017

---

Attorney for Appellants: Erin E. Willis, Pineville, Missouri.

Attorney for Respondents: William G. Weber, EVENSON, CARLIN & WEBER, LLC, Pineville, Missouri.

GARY W. LYNCH, P.J.

The paternal grandparents ("Paternal Grandparents") of K.M.W. and N.A.W. petitioned the trial court for adoption of both minors. The maternal grandparents ("Maternal Grandparents") moved for and were granted leave by the trial court to intervene because their "rights to visit" would be terminated by the adoption. Following a hearing, the trial court denied the petition for adoption. Paternal Grandparents timely appealed, asserting two points of trial court error in granting intervention and three points of trial court error in denying adoption. Finding no merit in any point, we affirm the trial court's judgment.

## Intervention

For ease of analysis, we take Paternal Grandparents' points addressing intervention out of order.

### Point Two: No Prejudicial Error in Allowing Permissive Intervention

Paternal Grandparents' second point contends that the trial court committed reversible error in granting Maternal Grandparents' motion to intervene because Maternal Grandparents did not meet the requirements for permissive intervention under Rule 52.12(b).[1]

"This Court reviews permissive intervention for abuse of discretion. Intervention generally should be allowed with considerable liberality." *Breitenfeld v. Sch. Dist. of Clayton*, 399 S.W.3d 816, 837 (Mo. banc 2013) (quoting *Johnson v. State*, 366 S.W.3d 11, 20 (Mo. banc 2012) (internal quotations and citations omitted)). Our review includes whether an appellant has demonstrated that prejudice resulted from the alleged abuse of discretion. *Comm. for Educ. Equal. v. State*, 294 S.W.3d 477, 487 (Mo. banc 2009) (trial court error in permitting defendant-intervenors to join case "does not merit reversal unless Plaintiffs were harmed.").

Paternal Grandparents' second point contains no allegation or contention that they suffered any prejudice arising

---

1. Rule references are to Missouri Court Rules (2017).

from the trial court permitting Maternal Grandparents' permissive intervention. Furthermore, we have carefully reviewed Paternal Grandparents' argument under this point and cannot find any argument asserting, much less demonstrating, that they were prejudiced by such intervention.[2]

◼ Assuming, without deciding, that the trial court erred in granting permissive intervention as Paternal Grandparents contend, failure to demonstrate prejudice is fatal to Paternal Grandparents' point because "appellate review is for prejudice, not mere error." *Heritage Warranty Ins., RRG, Inc. v. Swiney*, 244 S.W.3d 290, 294 (Mo. App. 2008). Rule 84.13(b) does not permit this court to reverse a trial court's judgment unless we find "that error was committed by the trial court against the appellant *materially affecting the merits of the action.*" Rule 84.13(b) (emphasis added). As a result of Paternal Grandparents' failure to allege or show prejudice, we cannot conclude that the trial court's ruling "materially affect[ed] the merits of the action." Rule 84.13(b). "Because reversible error cannot be demonstrated without a showing of prejudice, Missouri courts may hold a party has abandoned an issue where the party fails to address the issue of prejudice in his or her brief." *Matter of*

*Hasty*, 446 S.W.3d 336, 339 (Mo. App. 2014).

◼ Nevertheless, we *ex gratia* observe the following from our review of the trial court record. As the proponents of the adoption, Paternal Grandparents had the burden to prove that the welfare of K.M.W. and N.A.W. demanded the granting of the adoption, section 453.030.1,[3] and that it was "fit and proper that such adoption be made[,]" section 453.080.1(8).[4] At the hearing on their adoption petition, Paternal Grandparents had the initial opportunity to present evidence during which they presumably adduced all the evidence they believed relevant to the issues in the adoption and then rested their case. No relevant evidence adduced by Paternal Grandparents was excluded by the trial court at the behest of Maternal Grandparents. Immediately after Paternal Grandparents rested their case, the trial court denied their petition for adoption. Maternal Grandparents adduced no evidence at the adoption hearing outside of their cross examination of Paternal Grandparents' witnesses. Those cross examinations produced only evidence that was relevant to the adoption issues. Because the trial court denied the requested adoption, our standard of review requires us to conclude that

2. "Were we to attempt to gratuitously address the merits of [Paternal Grandparents'] appeal, we would first have to construct arguments on [their] behalf, a role we cannot properly assume." *Moreland v. Div. of Emp't Sec.*, 273 S.W.3d 39, 42 (Mo. App. 2008).

3. References to section 453.030 are to RSMo Cum.Supp. 2013.

4. *See* discussion of Paternal Grandparents' point five, *infra*. Section 453.030.1 provides that "[i]n all cases the approval of the court of the adoption shall be required and such approval shall be given or withheld as the welfare of the person sought to be adopted may, in the opinion of the court, demand." Section

453.080.1(8) provides that "[t]he court shall conduct a hearing to determine whether the adoption shall be finalized. During such hearing, the court shall ascertain whether ... [i]t is fit and proper that such adoption should be made." These statutory requirements have been referred to as a "best interests" determination. *In re of Adoption of C.T.P.*, 452 S.W.3d 705, 716 (Mo. App. 2014) ("an adoption proceeding requires a court to determine whether the creation of a parent-child relationship is in the best interests of a child"); *In re Williams*, 672 S.W.2d 394, 395 (Mo. App. 1984) (in an adoption, "the court has an interest in determining what is in the best interests of the child.").

the trial court did not sufficiently credit Paternal Grandparents' evidence favoring adoption. Viewed in this light, there is no basis upon which to conclude that remanding the case and removing Maternal Grandparents as parties would materially affect the merits of the action. Accordingly, we cannot conclude that the trial court committed reversible—prejudicial—error in allowing Maternal Grandparents to intervene under Rule 52.12(b). Paternal Grandparents' second point is denied.

### Point One: Intervention as a Matter of Right is Moot

Paternal Grandparents' first point contends that the trial court committed reversible error in granting Maternal Grandparents' motion to intervene as a matter of right under Rule 52.12(a). Because we found no reversible error in the trial court allowing Maternal Grandparents to permissively intervene under Rule 52.12(b), the issue of whether their intervention was correct as a matter of right is moot and need not be addressed.

### Denial of Adoption

We review adoption cases using the well-known standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *In re C.G.L.*, 63 S.W.3d 693, 696 (Mo. App. 2002). As such, we will uphold the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy*, 536 S.W.2d at 32. "[E]ach *Murphy* ground is a separate, distinct legal claim." *Smith v. Great Am. Assur. Co.*,

436 S.W.3d 700, 703 (Mo. App. 2014). "The application of this standard of review varies depending on the burden of proof applicable at trial and the error claimed on appeal to challenge the judgment." *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012).

We defer to the trial court's determinations of witness credibility and factual issues. *In re K.K.J.*, 984 S.W.2d 548, 552 (Mo. App. 1999). All facts and the reasonable inferences that can be drawn therefrom are examined in the light most favorable to the trial court's judgment. *In re C.J.G.*, 75 S.W.3d 794, 797 (Mo. App. 2002). All contrary evidence and inferences are disregarded. *In re Adoption of F.C.*, 274 S.W.3d 478, 482 (Mo. App. 2008).

For ease of analysis, we also take Paternal Grandparents' points addressing denial of adoption out of order.[5]

### Point Five: Denial of Adoption Need Not be Supported by Substantial Evidence

Paternal Grandparents' fifth point contends:

The trial court Judgment[ ] is not supported by substantial evidence because the potential visitation and custody of the material grandparents has not [sic] probative force as to whether the adoption is fit and proper under RSMo 453.080.1(8).

In an adoption action, it is the petitioners—in this case, Paternal Grandparents—who "have the burden of proof to establish facts justifying" the adoption. *In*

---

**5.** Paternal Grandparents' third, fourth, and fifth points relied on should not be used as model points because they do not comply with Rule 84.04(d)(1)(C), in that none of them "[e]xplain in summary fashion why, in the context of the case, [the] legal reasons support the claim of reversible error." These deficiencies, however, do not impede disposition of the appeal in this case, so we exercise our discretion and proceed to address the merits of each point. *Hudson v. State*, 270 S.W.3d 464, 467 (Mo. App. 2008).

re *K.K.J.*, 984 S.W.2d 548, 553 (Mo. App. 1999).

> "When the burden of proof is placed on a party for a claim that is *denied,* the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party. Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it."

*In re M.B.R.*, 404 S.W.3d 389, 393 (Mo. App. 2013) (quoting *White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010)). "Consequently, substantial evidence supporting a judgment against the party with the burden of proof is not required or necessary." *In re Adoption of I.R.C.*, 419 S.W.3d 857, 861 (Mo. App. 2013).

Here, the trial court was called upon to consider whether the welfare of K.M.W. and N.A.W. demanded the granting of the adoption, section 453.030.1, and it was "fit and proper that such adoption be made[,]" section 453.080.1(8). Whether based upon credibility determinations or the relative weight assigned to the credible evidence in addressing each of the factors relevant to those issues, the trial court determined that Paternal Grandparents' evidence did not persuade it that adoption met the statutory requirements and entered judgment accordingly. That determination and judgment *denying* Paternal Grandparents' petition for adoption was not required to be supported by substantial evidence. *I.R.C.*, 419 S.W.3d at 861. Paternal Grandparents' fifth point has no merit and is denied.

### Point Four: Denial of Adoption Not Against the Weight of the Evidence

 Paternal Grandparents' fourth point contends:

> The trial court erred in denying the adoption on the basis that it was not fit and proper based on the maternal grandparents' visitation rights with the Children as such a finding is against the weight of the evidence in the record and presented at trial.

 In making their against-the-weight-of-the-evidence argument, Paternal Grandparents rely upon and purport to follow the four-step against-the-weight-of-the-evidence analysis discussed in *Houston v. Crider*, 317 S.W.3d 178 (Mo. App. 2010):

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
>
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition;
>
> (3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,
>
> (4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id.* at 187.

 Paternal Grandparents' argument fails and has no analytical value, however, because it misapplies the *Houston* analysis framework in at least three respects. First, the existence of their identified challenged factual proposition—"maternal grandparents' visitation rights"—is not necessary to sustain the judgment. The trial court's judgment here may be sustained based upon Paternal Grandparents' failure to carry their burden of persua-

sion[6] that the proposed adoption was fit and proper regardless of whether Maternal Grandparents had visitation rights.

Second, even if the existence of Maternal Grandparents' visitation rights was necessary to sustain the judgment (*Houston* step one) and the Paternal Grandparents have identified "all of the favorable evidence in the record supporting the existence of that proposition" (*Houston* step two), Paternal Grandparents fail to proceed to step three in their *Houston* analysis as to that proposition. Rather, without explanation, they pivot in their purported third *Houston* step to argue that the "evidence in the record and presented at trial overwhelmingly shows that *the adoption is fit and proper.*" (Emphasis added). This pivot from one challenged proposition to another breaks the sequential logic of Paternal Grandparents' against-the-weight-of-the-evidence argument and robs it of any analytical or persuasive value.

Third, even if we consider Paternal Grandparents' newly injected challenged factual proposition—the adoption is fit and proper—their supporting argument ignores and does not take into consideration an essential component of the third *Houston* step—"resolving all conflicts in testimony in accordance with the trial court's credibility determinations." *Id.* After *Houston*, our Supreme Court elaborated upon this component in relation to our standard of review for an against-the-weight-of-the evidence challenge.

This Court defers on credibility determinations when reviewing an against-the-weight-of-the-evidence challenge because the circuit court is in a better position to weigh the contested and conflicting evidence in the context of the whole case. The circuit court is able to judge directly not only the demeanor of witnesses, but also their sincerity and character and other trial intangibles that the record may not completely reveal. Accordingly, this standard of review takes into consideration which party has the burden of proof and that the circuit court is free to believe all, some, or none of the evidence offered to prove a contested fact, and the appellate court will not re-find facts based on credibility determinations through its own perspective. This includes facts expressly found in the written judgment or necessarily deemed found in accordance with the result reached. *Evidence not based on a credibility determination, contrary to the circuit court's judgment, can be considered in an appellate court's review of an against-the-weight-of-the-evidence challenge.*

*Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014) (internal citations omitted) (emphasis added).

Here, the only evidence before the trial court as to whether the adoption was fit and proper was the testimony of Paternal Grandparents' six witnesses. Because this fact question was contested, *see White*, 321 S.W.3d at 308, this testimony was subject to the trial court's credibility determinations, *id.* We defer to those determinations[7] because the trial court was "in a better position to *weigh* the contested

---

6. The ... burden of proof has two components—the burden of production and the burden of persuasion. The burden of production is a party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder, rather than decided against the party in a peremptory ruling such as summary judgment or a directed verdict. The burden of persuasion is

defined as a party's duty to convince the fact-finder to view the facts in a way that favors that party.
*White*, 321 S.W.3d at 304–05 (internal quotation marks and citations omitted).

7. "In the absence of a statute or rule requiring written findings of fact, Rule 73.01(c) governs and provides that a trial court is

and conflicting evidence in the context of the whole case" and was free to believe all, some, or none of that testimony. *Ivie*, 439 S.W.3d at 206 (emphasis added). The trial court here expressly found that it was "not fit and proper that such adoption[s] should be made[.]" We will not re-find that fact based on credibility determinations through our own perspective as to the testimony. *See id.*

As *Ivie* teaches, only "[e]vidence not based on a credibility determination, contrary to the circuit court's judgment, can be considered in an appellate court's review of an against-the-weight-of-the-evidence challenge." *Ivie*, 439 S.W.3d at 206. Paternal Grandparents have not identified any such evidence in their point or argument. In the absence of such non-credibility-based contrary evidence, we have no basis upon which to consider, much less determine, that the trial court's judgment is against the weight of the evidence. Paternal Grandparents' fourth point is denied.

### Point Three: Denial of Adoption was not an Erroneous Application of the Law

Paternal Grandparents' third point states:

> required to make written findings of fact only when requested to do so by a party." *White*, 321 S.W.3d at 305. "Rule 73.01(c) also provides that when there are no written findings, the evidence 'shall be considered as having been found in accordance with the result reached;' in other words, in the light most favorable to the judgment." *Id.* A "requirement for the trial court to make written findings whenever it found ... evidence not to be credible is contrary to Rule 73.01(c)." *Id.* at 307 n.9. Rather, where, as here, such written findings are not requested and, pursuant to Rule 73.01(c), the evidence on a contested issue is viewed in the light most favorable to the judgment, that view requires an appellate court to imply that the trial court made credibility determinations as to that evidence in

The trial court erred in denying the adoption because it erroneously applied the law in considering child custody and visitation of the maternal grandparents in holding that the adoption is not fit and proper under RSMo. 453.080.1(8).

The premise of Paternal Grandparents' argument under this point is that "[t]he trial court *made no findings* the [Maternal Grandparents'] visitation would be in [K.M.W. and N.A.W.'s] best interest, *only* that the adoption would affect the [Maternal Grandparents'] visitation and their ability to exercise that visitation." [8] (Emphasis added). The flaw in this premise is that it assumes that the trial court was *required* to make findings of fact as to K.M.W. and N.A.W.'s best interests. It was not.

Paternal Grandparents did not request the trial court to make findings of fact on any issues before the introduction of evidence at trial, as required by Rule 73.01(c). When such a request is not timely made, "the trial court is under no obligation to specifically identify the facts it

the light most favorable to the judgment. *See id.* at 312-13.

8. Paternal Grandparents base their assertion that the trial court found "*only* that the adoption would affect the [Maternal Grandparents'] visitation and their ability to exercise that visitation" (emphasis added) on an extremely narrow reading of the trial court's written decision stating, "I am unwilling to in effect terminate one side of the family tree." Paternal Grandparents conclude that such a decision "denied the adoption based on issues that are outside the scope of an adoption proceeding." We need not address that conclusion because, as discussed herein, it is based upon a flawed premise and therefore, is drawn in error.

utilized in its determinations." [9] *In re Marriage of Geske*, 421 S.W.3d 490, 497 (Mo. App. 2013). "Where a trial court is not obligated to make specific findings of fact in its judgment, the omission of such findings provides no logical basis upon which to premise trial court error." *In re Marriage of Otis*, 479 S.W.3d 142, 146 (Mo. App. 2015). Paternal Grandparents' third point is denied.

## Decision

The trial court's judgment denying Paternal Grandparents' petition for adoption is affirmed.

DANIEL E. SCOTT, J.—concurs

WILLIAM W. FRANCIS, JR., J.—concurs

---

9. Moreover, all fact issues upon which no specific findings are made are considered as having been found in accordance with the result reached by the trial court. *Kropf v. Jones*, 489 S.W.3d 830, 834 (Mo. App. 2015); Rule 73.01(c). Under that standard, we would consider that the trial court here found that Maternal Grandparents' visitation was in K.M.W. and N.A.W.'s best interests.