

# Missouri Court of Appeals

## Southern District

### Division Two

ANGELA KOELLER and )
JEFF HASKENHOFF, )
          )
     Plaintiffs-Appellants, )
          )
v. )     No. SD36129
          )     Filed: May 22, 2020
MALIBU SHORES CONDOMINIUM )
ASSOCIATION, INC., )
          )
     Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Aaron G. Koeppen, Associate Circuit Judge

### <u>AFFIRMED</u>

Angela Koeller and Jeff Haskenhoff appeal from the trial court's judgment in favor of Malibu Shores Condominium Association, Inc. (Condo Association). Randall Koeller was originally a plaintiff in this case. He died during the pendency of the action. His wife, Angela Koeller, was substituted as a party plaintiff. To avoid confusion, we refer to Randall Koeller, Angela Koeller and Jeff Haskenhoff individually by their first names. We refer to Angela and Jeff collectively as Plaintiffs. Presenting three points, Plaintiffs contend the trial court erred by deciding that the Condo Association's lien on their unit was

valid and that Plaintiffs were barred from recovery pursuant to the voluntary payment doctrine. Finding no merit in Plaintiffs' contentions, we affirm.

## Factual and Procedural Background

This appeal involves a lien placed on Unit 3, Building 15 of the Malibu Shores Condominium (the Unit) in favor of the Condo Association. Before Randall and Jeff purchased the Unit, Michael and Wendy Halliday (the Hallidays) were the owners. The Hallidays also leased boat slip number 11 on dock C (the boat slip) from the Condo Association. Monthly maintenance fees for the Unit and the boat slip were billed by the Condo Association as unit assessments and dock assessments on the statements provided to the Hallidays.

The Hallidays became delinquent in the payment of their unit and dock assessment fees and charges. The Condo Association sued the Hallidays for past-due assessments and sought forfeiture of the boat slip pursuant to the terms of the lease agreement. In March 2016, the Condo Association obtained a judgment against the Hallidays in the amount of $6,156.46 for assessments, late-payment penalties and interest. Pursuant to the judgment, the lease for the boat slip was terminated, and the Condo Association took possession of the boat slip. The judgment stated that it constituted a lien on the Unit.[1] At the time this judgment was obtained, Angela and Jeff were members of the Condo Association Board.

In May 2016, Randall and Jeff purchased the Unit at a sheriff's sale for $52,000. Randall and Jeff knew they were not purchasing the boat slip.

---

[1] Additionally, paragraph 23 of the Condominium Declaration states that, if any owner fails or refuses to make a payment of the common expenses when due, the amount thereof shall constitute a lien on the interest of such owner.

In June 2016, Randall and Jeff asked the Condo Association about the amount of the lien on the Unit. The Condo Association informed Randall and Jeff that they owed $8,154 for the lien. This amount reflected unpaid assessments against the Unit, finance charges, late fees, lien charges and attorney fees. The amount also included dock assessment fees for May and June 2016. While Randall questioned the amount, Jeff insisted that the entire amount was correct and owed by them. In July 2016, Randall and Jeff separately and voluntarily wrote checks in the amount of $4,077 to satisfy the lien. At that time, Angela and Jeff were still members of the Condo Association Board.

In November 2016, Randall and Jeff sold the Unit. Before selling the Unit, they obtained a "Release of All Liens" on the Unit from the Condo Association. They sold the Unit free of any liens or other encumbrances and made a profit.

Randall and Jeff later filed suit against the Condo Association for, *inter alia*, negligent misrepresentation and fraudulent misrepresentation with respect to the validity and amount of the lien. After a bench trial, the court entered judgment in favor of the Condo Association and against Randall and Jeff. One of the factual findings by the trial court stated that the "lien asserted against [the Unit] was satisfied after receipt of the voluntary payment" by Randall and Jeff. Another factual finding was that Randall and Jeff "offered no credible evidence as to any material misrepresentations made by any of the Board Members of [the Condo Association]." The trial court concluded, *inter alia*, that "the lien against [the Unit] was valid and owed by [Randall and Jeff] after they purchased [the Unit], but even if it were not, [Randall and Jeff's] claims still fail because of the voluntary payment rule." This appeal followed.

**Standard of Review**

In this court-tried case, our review is governed by Rule 84.13(d) and ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976).[2] We are required to affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. ***Murphy***, 536 S.W.2d at 32. "We review issues of law *de novo.*" ***Denny v. Regions Bank***, 527 S.W.3d 920, 925 (Mo. App. 2017). With respect to factual determinations, we defer to the trial court's credibility determinations and assessment of the weight of witness testimony. ***Metzger v. Franklin***, 496 S.W.3d 547, 549 (Mo. App. 2016). "The trial court is free to believe all, none, or part of the testimony of any witness." ***Id***.

**Discussion and Decision**

*Points 1 and 2*

In Points 1 and 2, Plaintiffs argue that the trial court misapplied the law by finding that the lien was valid and by including dock assessment and attorney fees in the amount of the lien. Those arguments are meritless because the trial court correctly applied the voluntary payment doctrine.

The voluntary payment doctrine "provides that a person who voluntarily pays money *with full knowledge of all the facts* in the case, and in the absence of fraud and duress, cannot recover it back, even though the payment is made without sufficient consideration and under protest." ***Damon v. City of Kansas City***, 419 S.W.3d 162, 192 (Mo. App. 2013). In ***Huch v. Charter Communications, Inc.***, 290 S.W.3d 721 (Mo. banc 2009), our Supreme Court stated:

---

[2] All rule references are to Missouri Court Rules (2020).

> When evaluating the rationale behind this rule of law, courts emphasize that a person who, induced thereto solely by a *mistake of law*, has conferred a benefit upon another to satisfy in whole or in part an honest claim of the other to the performance given, is not entitled to restitution. The underlying reason for those requirements is that it would be inequitable to give such person the privilege of selecting his own time and convenience for litigation short of the bar of the statute of limitations, and thereby subject the payee to the uncertainties and casualties of human affairs likely to affect his means of defending the claim.

*Id*. at 726 (internal quotations and citations omitted; emphasis added).

None of the arguments advanced by Plaintiffs in Points 1 and 2 involve fraud or duress. Instead, the arguments are directed solely at the validity of the lien and its amount. These involve only a mistake of law by Randall and Jeff in voluntarily paying a sum they now claim they did not owe. A mistake of law occurs when a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect. *Edwards v. City of Ellisville*, 426 S.W.3d 644, 666 (Mo. App. 2013). As members of the Condo Association Board, Angela and Jeff were fully aware of all material facts giving rise to the assessment of the lien. Their alleged mistake of law falls within the voluntary payment doctrine and precludes their attempt to recover funds they voluntarily paid to the Condo Association. Therefore, Points 1 and 2 are denied.

*Point 3*

In Point 3, Plaintiffs argue the trial court's finding that the Condo Association did not misrepresent the lien amount is "not supported by substantial evidence, is against the weight of the evidence and misapplies the law." Because this point does not comply with Rule 84.04(d), it preserves nothing for appellate review.

Point 3 presents three different legal challenges to the judgment. A point relied on should contain only one issue, so multiple contentions about different issues should not be combined into a single point. *See* **City of Joplin v. Wallace Bajjali Dev. Partners, L.P.**, 522 S.W.3d 327, 330 (Mo. App. 2017). The reason is each challenge involves a distinct analysis. A not-supported-by-substantial-evidence and an against-the-weight analysis are distinctly different. **Smith v. Great Am. Assur. Co.**, 436 S.W.3d 700, 703-04 (Mo. App. 2014). Each of these, in turn, is different from a claim that the trial court erroneously declared or applied the law. *Id*. "[T]his means each *Murphy* ground is proved differently from the others *and* is subject to different principles and procedures of appellate review." *Id*. at 704. A point that includes multiple issues is multifarious and preserves nothing for appellate review. **State ex rel. Schmitt v. Schier Co., Inc.**, 594 S.W.3d 245, 253 n.15 (Mo. App. 2020).

Additionally, Plaintiffs' contention that the judgment is not supported by substantial evidence fails because they had the burden of production and persuasion on their claim.

> When the burden of proof is placed on a party for a claim that is *denied*, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party. Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it. Consequently, substantial evidence supporting a judgment against the party with the burden of proof is not required or necessary.

**Adoption of K.M.W.**, 516 S.W.3d 375, 382 (Mo. App. 2017) (internal quotations and citations omitted).

Plaintiffs' contention that the judgment is against the weight of the evidence is governed by **Houston v. Crider**, 317 S.W.3d 178 (Mo. App. 2010):

6

[A]n against-the-weight-of-the-evidence challenge requires completion of four sequential steps:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id*. at 187. Plaintiffs have not followed these mandatory requirements because they have not identified the favorable evidence supporting the trial court's finding or acknowledged the trial court's decisions about the credibility of the evidence presented. Instead, Plaintiffs have only cited the evidence favorable to their position. "Failure to follow the applicable framework means the appellant's argument is analytically useless and provides no support for his or her challenge." ***In re Marriage of Adams***, 414 S.W.3d 29, 34 (Mo. App. 2013). For all of these reasons, Point 3 is denied.

The judgment of the trial court is affirmed.

JEFFREY W. BATES, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

7