

## Missouri Court of Appeals
### Southern District
### Division One

IN THE INTEREST OF D.N.D., )
GREENE COUNTY JUVENILE OFFICE, )
                                          )
            Respondent, )
                                          ) No. SD37371
  vs. )
                                          ) FILED: July 6, 2022
H.D.W., )
                                          )
            Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

### AFFIRMED

H.D.W. ("Mother") appeals the circuit court's judgment terminating her parental rights in and to D.N.D. ("Child") on the grounds of neglect, *see* section 211.447.5(2), and of failure to rectify conditions that brought Child into care, *see* section 211.447.5(3), and a finding that termination of Mother's parental rights would be in Child's best interest.[1] In her sole point on appeal, Mother claims that the circuit court abused its discretion in making its best interest finding because it is against the weight of the evidence.[2] Because Mother has not supported her

---

[1] All statutory references are to RSMo, cum. supp. 2021.

[2] In her brief, Mother only mentions the circuit court's alleged abuse of discretion in her point relied on and in her recitation of the applicable standard of review. Otherwise, her argument only addresses her against-the-weight-of-the-evidence challenge. Rather than deeming the omission in her argument as a waiver of her abuse of discretion claim, ***G.J.R.B. ex rel. R.J.K. v. J.K.B.***, 269 S.W.3d 546, 559 (Mo. App. 2008), we interpret Mother's point as

1

claim with a cogent and cognizable against-the-weight-of-the-evidence challenge, she has not carried her burden to establish circuit court error. In the absence of any established error, we affirm the circuit court's presumed-correct judgment.

"An appellant bears the burden to overcome many presumptions on appeal, including the presumption that the circuit court's judgment is correct." **Lollar v. Lollar**, 609 S.W.3d 41, 45 n.4 (Mo. banc 2020). In addition, "appellants always bear the burden of establishing error whatever the standard of review." **City of De Soto v. Parson**, 625 S.W.3d 412, 416 n.3 (Mo. banc 2021).

The standard of review on appeal for a circuit court's best interest finding is abuse of discretion. **J.A.R. v. D.G.R.**, 426 S.W.3d 624, 632 (Mo. banc 2014). "'A [circuit] court abuses its discretion when a ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.'" **In Int. of J.P.B.**, 509 S.W.3d 84, 96 (Mo. banc 2017) (*quoting* **In re H.L.L.**, 179 S.W.3d 894, 896–97 (Mo. banc 2005)). Here, Mother implicitly premises her abuse-of-discretion claim upon her challenge that the circuit court's best interest finding is against the weight of the evidence.

> Appellate courts act with caution in exercising the power to set aside a decree or judgment on the ground that it is against the weight of the evidence. A claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment. The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong. When reviewing the record in an against-the-weight-of-the-evidence challenge, this Court defers to the circuit court's findings of fact when the factual issues are contested and when the facts as found by the circuit court depend on credibility determinations. A circuit court's judgment is against the weight of the evidence only if the circuit court could not have reasonably found, from the record at trial,

implicitly claiming that the circuit court abused its discretion in finding termination in Child's best interest because that finding is against the weight of the evidence.

2

the existence of a fact that is necessary to sustain the judgment. When the evidence poses two reasonable but different inferences, this Court is obligated to defer to the trial court's assessment of the evidence. This Court rarely has reversed a trial judgment as against the weight of the evidence.

*S.S.S. v. C.V.S.*, 529 S.W.3d 811, 815–16 (Mo. banc 2017) (internal quotation marks and citations omitted).

At trial, whether terminating Mother's parental rights is in Child's best interest was a contested factual issue. *See White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010) ("One way a party contests an issue is by contesting the evidence."). The parties each offered testimonial and documentary evidence in support of their competing positions on this factual issue and challenged the other's proffered evidence through cross examination and arguments to the court. *See id.* (party contests evidence by putting forth evidence to the contrary, by cross-examination, or by pointing out internal inconsistencies in the evidence).

"When evidence is contested by disputing a fact in any manner, this Court defers to the trial court's determination of credibility." *Id.* "The appellate court's role is not to re-evaluate testimony through its own perspective." *Id.* at 309. This deference applies in an against-the-weight-of-the-evidence challenge.

> This Court defers on credibility determinations when reviewing an against-the-weight-of-the-evidence challenge because the circuit court is in a better position to weigh the contested and conflicting evidence in the context of the whole case. The circuit court is able to judge directly not only the demeanor of witnesses, but also their sincerity and character and other trial intangibles that the record may not completely reveal. Accordingly, this standard of review takes into consideration which party has the burden of proof and that the circuit court is free to believe all, some, or none of the evidence offered to prove a contested fact, and the appellate court will not re-find facts based on credibility determinations through its own perspective. This includes facts expressly found in the written judgment or necessarily deemed found in accordance with the result reached. *Evidence not based on a credibility determination, contrary to the circuit court's judgment, can be considered in an appellate court's review of an against-the-weight-of-the-evidence challenge.*

3

*Adoption of K.M.W.*, 516 S.W.3d 375, 383 (Mo.App. 2017) (*quoting Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014)).

Here, Mother does not identify any evidence contrary to the circuit court's judgment that is *not* based on a credibility determination by the circuit court. *See id.* Rather, every reference by Mother to purported evidence contrary to the judgment is to witness testimony, save one reference discussed in the next paragraph. Because the circuit court was free to believe *none* of that testimony and we defer to its credibility determinations, none of that referenced testimony is relevant to or may be considered in analyzing and evaluating Mother's against-the-weight-of-the-evidence challenge. *See id.*

The only other evidence Mother argues as being contrary to the circuit court's judgment is a single passing reference to "the records from Burrell." This reference, however, is not accompanied by any citation to the record on appeal as required by Rule 84.04(e).[3] We cannot become an advocate for Mother by scouring the extensive record on appeal in search of evidentiary support for factual assertions in her argument.[4] Mother's mere unsupported passing reference to "the records from Burrell," does not provide any evidentiary or analytical support for her against-the-weight-of-the-evidence challenge.

A cogent and cognizable against-the-weight-of-the-evidence argument requires, among other steps, that the appellant "identify the evidence in the record contrary to the belief of [the challenged factual] proposition, *resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit*[.]" ***Houston v. Crider***, 317

---

[3] Rule 84.04(e) provides, in pertinent part, that "All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."

All rule references are to Missouri Court Rules (2022).

[4] In addition to the trial transcript and the legal file, the record on appeal includes the exhibits admitted by the circuit court and deposited in this Court by Mother. These exhibits comprise 2,104 document pages of which at least 1,424 could be individually considered and referenced as "records from Burrell."

S.W.3d 178, 187 (Mo. App. 2010) (emphasis added). Mother has failed to identify any such contrary evidence. Because only "[e]vidence not based on a credibility determination, contrary to the circuit court's judgment, can be considered in an appellate court's review of an against-the-weight-of-the-evidence challenge[,]" *Ivie*, 439 S.W.3d at 206, Mother's omission of such contrary evidence renders her argument analytically useless and necessarily unpersuasive in establishing her claimed circuit court error.[5] This is so because the consideration of evidence contrary to the judgment differentiates an against-the-weight-of-the-evidence challenge from a not-supported-by-substantial-evidence challenge, which only considers the evidence favorable to the judgment. *Houston*, 317 S.W.3d at 186-87. Because these are the only two recognized methods to challenge on appeal a factual proposition the existence of which is necessary to sustain the judgment, *Ivie*, 439 S.W.3d at 198, and the former presupposes the latter, *id.* at 205; *Houston*, 317 S.W.3d at 186-87, the failure to identify any evidence contrary to the judgment that may be considered by the appellate court in analyzing and evaluating an against-the-weight-of-the-evidence challenge necessarily dooms the challenge.

Since Mother has failed her burden to establish that the circuit court's best interest determination is against the weight of the evidence, *see City of De Soto*, 625 S.W.3d at 416 n.3, we have no basis upon which to form a firm belief that the circuit court's judgment is wrong, *see S.S.S.*, 529 S.W.3d at 816. Mother's point relied on is denied and the circuit court's presumed-correct judgment is affirmed.

GARY W. LYNCH, SENIOR JUDGE – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[5] This omission obviates the need to recite any additional or extended factual background in order to resolve Mother's point relied on.